IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PERFECT 10, INC., a California corporation,

    Plaintiff,

v.

YANDEX N.V., a Netherlands limited liability company,

    Defendant.

No. C 12-01521 WHA

**ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS**

The background of this action has been set described in a prior order for limited discovery on issues of personal jurisdiction (Dkt. No. 24). Briefly, in adjudicating defendant Yandex N.V.'s motion to dismiss on grounds of personal jurisdiction, this Court ordered discovery into the relationship between parent company Yandex N.V., a Netherlands company, and wholly-owned subsidiary Yandex Inc., a California company. One particular issue for discovery was whether personal jurisdiction was proper by virtue of an agency relationship. After reviewing the parties' supplemental briefing and discovery, this order finds that personal jurisdiction over Yandex N.V. is proper at this stage pursuant to its agency relationship with Yandex Inc.

> A defendant may move, prior to trial, to dismiss the complaint for lack of personal jurisdiction. Because there is no statutory method for resolving this issue, the mode of its determination is left to the trial court. The limits which the district judge imposes on the pre-trial proceedings will affect the burden which the plaintiff is required to meet.

> If the court determines that it will receive only affidavits or affidavits plus discovery materials, these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss. Any greater burden such as proof by a preponderance of the evidence would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials. Thus a plaintiff could not meet a burden of proof requiring a preponderance of the evidence without going beyond the written materials. Accordingly, if a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.
>
> A court may permit discovery to aid in determining whether it has in personam jurisdiction. In granting discovery, the trial court is vested with broad discretion and will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant. Discovery may appropriately be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.
>
> If a plaintiff make such a showing, however, it does not necessarily mean that he may then go to trial on the merits. If the pleadings and other submitted materials raise issues of credibility or disputed questions of fact with regard to jurisdiction, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues. In this situation, where plaintiff is put to his full proof, plaintiff must establish the jurisdictional facts by a preponderance of the evidence, just as he would have to do at trial.

*Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citations omitted).

The agency test, for purposes of personal jurisdiction, is predicated upon a showing of the special importance of the subsidiary. The agency test is satisfied by a showing of two things: (1) that the subsidiary performs services that are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services, and (2) the parent has a right to control the subsidiary's activities. *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919–24 (9th Cir. 2011).

Yandex Inc. performs services that are sufficiently important to Yandex N.V. that if Yandex N.V. did not have a representative to perform them, its own officials would undertake to

1  perform substantially similar services. As found by the prior order, Yandex N.V., a holding
2  company, is in the business of offering a broad range of search functions over the internet
3  through its subsidiaries (Dkt. No. 24 at 4). As jurisdictional discovery has established for
4  purposes of this motion to dismiss, Yandex Inc. is an integral part of Yandex N.V.'s business.
5  Yandex Inc. hosts the Yandex family's U.S. website, yandex.com (Zada Suppl. Decl. Exh. 14),
6  operates hundreds of web crawlers used by the Yandex family's search engines (Borkovsky Tr.
7  at 91; Zada Suppl. Decl. ¶ 9, Exh. 16), and owns 5,000 servers that store information for the
8  Yandex family's search enginges (*see* Borkovsky Tr. 70–71, Fenaughty Tr. at 71; Benink Decl.
9  Exh. B-53 at 1018, Exh. F-54). Yandex N.V.'s board itself has identified Yandex Inc.'s assets as
10 a top priority (Benink Decl. Exh. B-53 at 1010). Yandex Inc. has also developed programs used
11 by the Yandex family's search engines (Borkovsky Tr. at 65, 131–32).

12     Yandex N.V. has the right to control Yandex Inc.'s activities. Per Yandex N.V.'s articles
13 of incorporation, the executive director of Yandex N.V. is able to control the "day-to-day
14 management of [Yandex N.V.] or *any Subsidiary*" (Benink Decl Exh. Q at 37) (emphasis added).
15 Yandex N.V.'s other bylaws appear to describe its senior management, such as the CEO and
16 CTO, as also the senior management for its subsidiaries (*see* Benink Decl. Exh. B-37 at 285–85).
17 Yandex N.V.'s board has also made employment decisions, such as hiring, firing, and transfers,
18 for *all of* Yandex Inc.'s employees (*see, e.g.*, Fenaughty Tr. at 59–60, 122–23, Benink Exh. B-52
19 at 995).

20     For the reasons stated above, Perfect 10 has established a prima facie showing of
21 jurisdictional facts. None of the particular facts identified above have been disputed by Yandex
22 N.V. However, if issues of credibility or disputed questions of fact with regard to jurisdiction
23 arise in the future, including at trial, this Court retains discretion to revisit the issue of
24 jurisdiction. For now, Yandex N.V.'s motion to dismiss is **DENIED WITHOUT PREJUDICE**.

25

26     **IT IS SO ORDERED.**

27 Dated: September 4, 2012.

                                                 WILLIAM ALSUP
28                                                UNITED STATES DISTRICT JUDGE