IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., | No. C 12-01521 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |
| YANDEX N.V., | |
| Defendant. | |

The facts of this copyright-infringement action has been discussed in prior orders (Dkt. Nos. 24, 73). Now, Perfect 10, Inc. moves for a preliminary injunction. Specifically, Perfect requests that Yandex N.V. be enjoined from making copies of Perfect's images, linking to those images in infringing websites, offering full-size of those images, and placing ads next to those images. For the reasons stated below, Perfect's motion for preliminary injunction is **DENIED**.

"A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979 (9th Cir. 2011). There is no presumption of irreparable harm for copyright infringement. *Id.* at 981. A plaintiff must establish that irreparable harm is likely, not just possible. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 21 (2008). "[E]conomic injury alone does not support a finding of

irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

In *Perfect 10 v. Google*, our court of appeals affirmed District Judge Howard Matz's denial of Perfect's request for preliminary injunction against Google on very similar facts. 653 F.3d at 979–82, *cert. denied*, — S.Ct. —, 2012 WL 685778 (2012). More precisely, our court of appeals held that Perfect had not established that irreparable harm was caused by Google's search engines, webcrawlers, storage of images, and hyperlinking to images hosted on other servers. *Id.* at 978. Our court of appeals held that there was no irreparable harm because: (1) Perfect was never in sound financial shape during its 15 years of operation, (2) other search engines contributed to making Perfect's images available on third-party websites, and (3) there was no evidence that subscribers ceased paying for Perfect's service because of Google's services. *Id.* at 981–82. Our court of appeals held that it was insufficient for Perfect merely to show that the number of its images on Google's services increased in the past five years, that Perfect's revenues have been declining for the past ten years, and that Perfect was very close to bankruptcy. *Id.* at 981.

So too here. Perfect has failed to establish a causal relationship between its serious financial woes and the alleged infringement. There is insufficient proof that the accused search engines in this action, which are nearly identical to those accused in *Perfect 10 v. Google*, will likely destroy Perfect's business model and threaten it with financial ruin. As noted by our court of appeals, Perfect has never been in "sound financial shape" and there continues to be other search engines that allegedly make Perfect's images available on third-party websites. To sum up, Perfect's allegations of irreparable harm in this action have already been rejected by our court of appeals. Nothing indicates that injunctive relief against Yandex N.V. will help alleviate Perfect's financial troubles.

Moreover, Perfect has not established a likelihood of success on the merits against Yandex N.V., a holding company that does not formally own the infringing websites. Perfect argues that Yandex N.V. is liable for infringement because it controls the accused search engines and websites (Br. 6). But Perfect has acknowledged that Yandex N.V. is a Dutch holding

company that does not itself formally own or operate the accused search engines and websites (Dkt. No. 21 at 11–14; Dkt. No. 58; *see also* Dkt. No. 24 at 1–2; Dkt. No. 17-2 at ¶ 6). Instead, non-party Yandex LLC, a Russian subsidiary of Yandex N.V., owns the allegedly infringing websites at issue in this action (Dkt. No. 17-4 at Exhs. 1–4). Perfect has not yet met its burden of showing that the corporate forms of the Yandex LLC and Yandex N.V. should be pierced for purposes of this preliminary-injunction motion. Contrary to Perfect, it is insufficient that a couple of Yandex N.V.'s SEC filings refer to Yandex N.V. and its subsidiaries as jointly engaged in the search-engine business. Our court of appeals has held that "references in the parent's annual report to subsidiaries or chains of subsidiaries as divisions of the parent company do not establish the existence of an alter ego relationship," *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001), and "[t]he mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law." *Katzir's Floor & Home Design, Inc. v. MMLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004).[*]

For the reasons stated, Perfect's motion for preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 5, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[*] Yandex LLC, the Russian subsidiary, should not be confused with Yandex Inc., the Californian subsidiary. Yandex Inc., which does not own the accused websites, was recently found to be an agent of defendant Yandex N.V. for purposes of personal jurisdiction only (Dkt. No. 73).

3