IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>YANDEX N.V., a Netherlands limited liability company,<br><br>    Defendant.<br>                                                 / | No. C 12-01521 WHA<br><br>**ORDER GRANTING MOTION TO AMEND AND VACATING HEARING** |

### INTRODUCTION

In this copyright-infringement action, plaintiff moves to add new parties and allegations to its complaint. Defendant opposes the addition of Yandex LLC, its Russian subsidiary. For the reasons stated below, the motion to amend is **GRANTED**. The hearing scheduled for October 25 is **VACATED**.

### STATEMENT

The background of this action has been described in prior orders (Dkt. Nos. 24, 73, 76). Briefly, Perfect filed this action in March 2012 against defendant Yandex N.V., a Dutch holding company headquartered in the Netherlands. Two months later, defendant filed a motion to dismiss for lack of personal jurisdiction. Limited discovery on the issue of personal jurisdiction was allowed. In particular, discovery was allowed on the corporate relationship among

1 defendant, Yandex Inc. (a California subsidiary), and Yandex LLC (a Russian subsidiary), and
2 the functions that each performed with respect to the Yandex family's search engine business in
3 this forum. Jurisdictional discovery was concluded in August. Shortly thereafter, on September
4 4, defendant's motion to dismiss was denied because Perfect made a prima facie showing of an
5 agency relationship, for purposes of jurisdiction, between defendant and its California
6 subsidiary, Yandex Inc. The order did not address whether jurisdiction was proper for Yandex
7 LLC, the Russian subsidiary at issue now.

8 An initial case management conference was subsequently held and plaintiff was given
9 until November 30 to seek leave to add new parties (Dkt. No. 78). Shortly thereafter, on
10 September 19, six months after this action was initially filed, Perfect moved to add Yandex Inc.
11 and Yandex LLC as defendants. Current defendant Yandex N.V. agrees to the addition of
12 Yandex Inc. but objects to the addition of Yandex LLC. This order follows full briefing.

## ANALYSIS

> "Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. However, the district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment.'"

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

Filings and discovery in this action have revealed that Yandex LLC owned and operated the websites accused of infringement, yandex.com and yandex.ru. Therefore, the interests of justice weigh in favor of adding Yandex LLC to this action.

Contrary to defendant, Perfect's request to amend is not untimely. Perfect sought a stipulation to amend two weeks after the end of jurisdictional discovery. At least some of Perfect's proposed amendments are "based on new information that Perfect 10 has learned during the jurisdictional discovery phase of this case" (Dkt. No. 83 at 3). For example, during the discovery phase, defendant's employees declared that Yandex LLC operated the search engines at issue in this action, contracted party with U.S. companies, and received U.S.-based advertising revenue (*see* Dkt. Nos. 64, 65). Perfect also discovered Yandex LLC's registration

1  with the California Secretary of State as a foreign corporation with local offices and officers
2  doing business as "Yandex Labs" in California (Dkt. No. 59 at Exhs. 13–15). Indeed, it was
3  entirely appropriate to take discovery on Yandex LLC's role in the search engine business in this
4  forum: Perfect had argued that Yandex LLC was an agent of defendant, and that therefore,
5  Yandex LLC's forum connections should be imputed to defendant. Perfect had also argued that
6  Yandex LLC's operation of search engines was sufficient for personal jurisdiction. Discovery
7  was ordered to bare these arguments out. Perfect now represents that discovery uncovered facts
8  that plausibly support a claim against Yandex LLC itself in this forum.

9  Defendant argues that Perfect's use of facts uncovered during the jurisdictional discovery
10 violates the parties' stipulated protective order, which stated:

> A Receiving Party may not use Protected Material in connection
> with any other case, or in bringing, prosecuting, defending or
> attempting to settle any other litigation or claims involving
> Non-Parties.

"Protected Material" was defined as "any Disclosure or Discovery Material that is designated as 'CONFIDENTIAL,' or as 'HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY'" (Dkt. No. 28). Defendant's argument is rejected because it fails to identify which new allegations in the proposed complaint actually relied on protected material. Indeed, many of the proposed allegations against Yandex LLC are publicly-known information (*see, e.g.*, Dkt. No. 83-3 at ¶ 7, 18). And other information, if uncovered during discovery, may not have been designated as confidential (*see, e.g.*, Dkt. No. 83-3 at ¶ 21–25, 32–33). Defendant has failed to identify which proposed allegations are made in violation of the stipulated protective order.

Defendant also argues that this amendment would be unfairly prejudicial because of delay. This argument is rejected. The request to add Yandex LLC was made within the timeframe contemplated by the case management order, and no deadlines are affected by its addition. Fact discovery is only about to begin, no discovery has been propounded by either party, and trial is a year away. And lastly, Perfect's proposed amendments do not change the nature of the allegations against defendant. To sum up, prejudice has not been shown.

Defendant also argues that Perfect made a tactical decision not to name Yandex LLC in the original complaint because it "sought to pressure and harass Yandex N.V., the apparent 'deep

3

pockets,' into an early settlement to avoid the burdensome and invasive discovery into the Yandex family's corporate affairs" (Opp. at 8). This unsubstantiated accusation is rejected. Perfect may have decided to name only Yandex N.V. in its original complaint because it did not think, at that time, that Yandex LLC had sufficient connections to this forum.

Lastly, defendant argues that the proposed addition of Yandex LLC would be futile because Yandex LLC lacks sufficient connections to this forum for purposes of personal jurisdiction. In the alternative, defendant also argues that even if jurisdiction is proper, any action against Yandex LLC should be transferred to Russia on ground of forum non conveniens. The record and briefing on these points are wholly inadequate for proper adjudication. Therefore, after Yandex LLC is added as a defendant in this action, it may bring a fresh motion challenging personal jurisdiction and proper forum.

## ANALYSIS

For the reasons stated, plaintiff's motion for leave to amend is **GRANTED**. The hearing scheduled for October 25 is **VACATED**. Plaintiff shall file its proposed amended complaint by **NOON TOMORROW** (Dkt. No. 83-1). As discussed, Yandex LLC may then bring a fresh motion, noticed on the normal 35-day track, challenging personal jurisdiction and proper forum.

**IT IS SO ORDERED.**

Dated: October 11, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4