**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11   PERFECT 10 INC,                                    No. C-12-01521 DMR

12              Plaintiff(s),                           **ORDER RE JOINT DISCOVERY
                                                        LETTER [DOCKET NO. 163]**
13         v.

14   YANDEX NV,

15              Defendant(s).
     _____/
16

17         Before the court is a joint discovery letter filed by Plaintiff Perfect 10 and Defendants

18   Yandex N.V., Yandex LLC, and Yandex Inc. [Docket No. 163.]  On July 12, 2013, Judge Alsup

19   granted Defendants' motion for partial summary judgment.  [Docket No. 191.]  That order disposed

20   of Plaintiff's direct infringement claims in their entirety, leaving only a portion of Plaintiff's claims

21   for contributory and vicarious liability to proceed to trial.  [Docket No. 191 at 16.]  It appears likely

22   that Judge Alsup's order narrowed the discovery disputes set forth in the joint letter and that some

23   disputes may have been resolved, e.g. Defendants' motion to compel Plaintiff to provide the URLs

24   where the acts of infringement Plaintiff alleges occurred.  *See, e.g.*, Docket No. 191 at 4 ("According

25   to defendants, in a series of DMCA notices sent to Yandex Perfect 10 identified 63,756 URLs from

26   Yandex search results pages linking to allegedly infringing Perfect 10 images hosted on third-party

27   websites."); Grundy Decl. [Docket No. 155-17] at ¶¶ 3-7 (Plaintiff emailed 231 DMCA notices to

28   Defendants, listing 63,756 URLs where alleged infringements occurred).

1    The court therefore denies the parties' motions set forth in the joint discovery letter without

2    prejudice and vacates the previously-set July 18, 2013 hearing date, with one exception. The court

3    takes this opportunity to address the portion of the joint letter regarding Plaintiff's request for entry

4    of a protective order that would permit Plaintiff's president to view confidential materials designated

5    as "Attorneys' Eyes Only" ("AEO"). This dispute is unaffected by Judge Alsup's partial summary

6    judgment order, and is suitable for determination without oral argument. Civil L.R. 7-1(b). The

7    court grants Plaintiff's request, as set forth below.

## I. BACKGROUND

9    Plaintiff is a California company that creates copyrighted adult entertainment products,

10    including photographs. *See* First Amended Complaint [Docket No. 88] and Docket No. 143.

11    Plaintiff owns the copyrights for all of the photos at issue in this action. Defendant Yandex N.V., a

12    Dutch holding company headquartered in the Netherlands, owns a family of companies under the

13    "Yandex" brand. The Yandex companies offer a broad range of search functions over the internet.

14    Subsidiary Yandex Inc. is based in Palo Alto and hosts yandex.com. Subsidiary Yandex LLC is a

15    Russian company which operates yandex.ru and provides the search results required to operate

16    yandex.com. Plaintiff alleges that the Yandex websites violated (and continue to violate) its

17    copyrights by copying its images and displaying them to internet users, and by linking to, storing,

18    and placing ads around such images without permission.

## II. AEO DESIGNATION

20    Plaintiff and Defendants have proposed different protective orders. *See* Docket Nos. 147 and

21    148. The key difference in the parties' proposals is whether Plaintiff's president Norman Zada

22    should have access to documents designated as AEO.

23    Plaintiff claims that it is a "tiny company" with only two employees, Dr. Zada and an in-

24    house paralegal, and revenues of only $70,000 per year, so that "Dr. Zada has been forced to do

25    much of Perfect 10's legal work, including producing and reviewing discovery and participating in

26    the drafting of initial versions of briefs, discovery requests and responses, and deposition questions."

27    [Letter at 1.] Plaintiff notes that this issue has been litigated twice before and both courts found that

28    Dr. Zada should have access to all discovery materials. Plaintiff claim that Dr. Zada has never been

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   accused of violating a protective order in similar cases brought by Plaintiff over the last fifteen

2   years.  Plaintiff also argues that Defendants have over-designated documents as AEO, including the

3   majority of two deposition transcripts and all of Yandex N.V.'s board minutes and third party

4   agreements, such that 35% of Defendants' corporate documents and deposition transcripts are so

5   designated.[1]

6       Defendants argue that non-attorneys typically are not permitted access to documents

7   designated AEO, and that Plaintiff has two in-house counsel and an outside law firm that can review

8   AEO documents.  However, Defendants do not contend that it is reasonably likely that Dr. Zada

9   would not abide by the protective order or would put the information contained in the AEO

10  documents to inappropriate use.  In any event, Plaintiff intends to offer Dr. Zada as an expert.

11  [Letter at 1.]  Defendants do not dispute that both parties' proposed protective order permits AEO

12  materials to be viewed by experts of the receiving party to whom disclosure is reasonably necessary

13  for this litigation.  *See* Docket No. 147 at 9, 148 at 10.

14      This court thus concludes, as other district courts considering this matter have concluded

15  before it, that "Dr. Zada is a party who has unique significance to the prosecution of the case," and

16  "[a]bsent evidence that Dr. Zada has failed to comply with Court orders regarding confidentiality,

17  Dr. Zada should have access to all material."  Docket No. 66 at 2-3, *Perfect 10 v. Rapidshare*, No.

18  09-cv-2596 H (WMC) (S.D. Cal. May 17, 2010).  Because the parties have raised no other concerns

19  regarding the proposed protective orders, the court enters Plaintiff's proposed protective order, with

20  the following modification: consistent with an alternative proposal offered by Plaintiff, information

21  that clearly constitutes a trade secret shall be kept by Dr. Zada's attorney and reviewed by Dr. Zada

22  only in the presence of his attorney.

### III.  CONCLUSION

24      If any discovery disputes remain after Judge Alsup's order on Defendants' motion for partial

25  summary judgment and this order, the parties are directed to meet and confer per this court's

26

27      [1]  Defendants contend that only 1.28% of its total production is designated AEO, but Plaintiff
    claims that the production has been "diluted with tens of thousands of pages of [Digital Millennium
28  Copyright Act, or "DMCA"] related materials."  Letter at 1-2.

**United States District Court**
For the Northern District of California

1  standing order and file a joint discovery letter by **July 19, 2013.**  A hearing on that discovery letter

2  will be held at **11:00 a.m. on August 8, 2013** at the U.S. District Court, 1301 Clay Street, Oakland,

3  California 94612.

4        IT IS SO ORDERED.

5

6  Dated:  July 12, 2013

7                                                  DONNA M. RYU
                                                   United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28