UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERFECT 10 INC,

    Plaintiff(s),

    v.

YANDEX NV,

    Defendant(s).
_____/

No. C-12-01521 WHA (DMR)

**ORDER DENYING DISCOVERY LETTERS [DOCKET NOS. 192 AND 194]**

Before the court is a joint discovery letter ("Joint Discovery Letter") filed by Plaintiff Perfect 10 and Defendants Yandex N.V., Yandex LLC, and Yandex Inc. ("Yandex") and an ex parte discovery letter ("Ex Parte Letter") filed by Perfect 10. [Docket Nos. 192 and 194.] These disputes are appropriate for determination without oral argument. Civil L.R. 7-1(b). For the reasons stated below, the requests in both letters are **denied**.

## I. JOINT DISCOVERY LETTER

In the Joint Discovery Letter, Yandex requests leave to take ten additional depositions beyond the presumptive limit of ten permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(a)(1). Yandex also requests that it be allowed to take some of these depositions after the discovery cut-off date of July 31, 2013.[1] Yandex claims these depositions are necessary so that it

---

[1] This court has no authority to alter case management deadlines. Any such request must be made directly to Judge Alsup.

can test Perfect 10's assertion that it has the rights to each of the approximately 15,000 to 25,000 copyrighted images at issue. Yandex asserts that it would choose the ten deponents from among the 17 assignors from whom Perfect 10 obtained the copyrights to 21,188 images, and the 35 photographers who produced 25,188 images for hire.

Under the Federal Rules, parties are not permitted to take more than ten depositions unless the court grants leave to do so "to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Pursuant to Federal Rule of Civil Procedure 26(b)(2), the court "may alter the limits in these rules on the number of depositions." However, the court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(c).

Perfect 10 claims that the information Yandex seeks through the ten additional depositions is already available in documents produced in this case, including Perfect 10's assignment of rights agreements, work for hire agreements, model releases, and contracts with photographers. Yandex does not dispute that Perfect 10 has provided all of these documents, nor does it argue that the documents do not contain the information it seeks, or somehow are untrustworthy. Yandex instead argues that the depositions are necessary because Perfect 10 has refused to produce a list of images allegedly infringed in this case. However, Yandex does not explain how ten depositions of assignors or producers of the copyrighted images will provide that information.[2] Accordingly, Yandex's request for an order permitting it to take ten additional depositions is **denied.**

---

[2] Yandex's requests for the identification of allegedly infringing images should be discussed at the meet and confer ordered by this court on July 12, 2013 in light of Judge Alsup's order on Yandex's motion for partial summary judgment, which reduced the number of images, infringements and issues remaining for trial, and thus may have reduced the number and scope of the parties' discovery disputes. [*See* Docket Nos. 192 and 193.]

## II. EX PARTE LETTER

Perfect 10 requests that this court reinstate the July 18, 2013 hearing date to address its motion to compel further discovery responses. The court first notes that Perfect 10 filed its Ex Parte Letter in violation of the court's standing order, which is grounds for denial on that basis alone. [*See* Docket No. 154.] In any event, the court denies Perfect 10's request on the merits. The court vacated the July 18, 2013 hearing date and ordered the parties to meet and confer regarding any remaining discovery requests in light of Judge Alsup's recent order on Yandex's motion for partial summary judgment, as discussed above. The contours of the case have changed dramatically. This court is convinced that the litigation would best be served if the parties meet and confer immediately in order to take stock of the case, and craft a reasonable plan to accomplish the remaining discovery.

A hearing before this court shall proceed on August 8, 2013, if there are remaining discovery issues after the parties meet and confer. Perfect 10 points to no specific reason why its requests require immediate attention other than the impending discovery cut-off on July 31, 2013. This concern is unavailing. In the event that the court grants a motion to compel and orders any party to produce additional discovery responses, that party must do so even if the discovery cut-off has passed. *See* Civ. Local Rule 37-3 (motions to compel may be filed up to seven days after discovery cut-off). Accordingly, Perfect 10's ex parte letter is **denied.**

IT IS SO ORDERED.

Dated: July 15, 2013

DONNA M. RYU
United States Magistrate Judge

.

3